

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

2009 SEP 11 PM 2:34

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HOUMA-TERREBONNE HOUSING AUTHORITY | CIVIL ACTION<br>**09-6249** |
| VERSUS | SECTION: |
| NEW HAMPSHIRE INSURANCE COMPANY | **SECT. L MAG. 3** |

### COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA, AND THE JUDGES THEREOF,**

**NOW INTO COURT**, through undersigned counsel, comes the **HOUMA-TERREBONNE HOUSING AUTHORITY ("HTHA")**, a federally-funded municipal organization operating in the Eastern District of Louisiana, who respectfully pleads:

1.

The **NEW HAMPSHIRE INSURANCE COMPANY ("DEFENDANT")** which is a foreign corporation licensed to issue insurance policies and, in fact, issuing insurance policies in the State of Louisiana, believed to be a Write Your Own agent of the National Flood Insurance Program, is made the defendant herein and is liable unto Plaintiff for a reasonable sum in the premises, all costs of these proceedings, and for all general and equitable relief.

___ Fee $350
___ Process _____
_X_ Dktd _____
___ CtRmDep _____
___ Doc. No. _____

## JURISDICTION

2.

Jurisdiction is based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1391(a) and (b).

## BACKGROUND

3.

Plaintiff purchased a number of flood insurance policies through Defendant, who is believed to be a Write Your Own provider of the National Flood Insurance Program. The various policy numbers are included in the accompanying Declaration Sheets, which are included herein by reference as if plead *in extensio*.[1] All of these policies were in full force and effect during all times pertinent hereto. The insured properties that suffered damages resulting from a covered peril are identified in the accompanying address/claim number list which is included herein by reference as if plead *in extensio*.[2]

4.

On or about September 13, 2008, Hurricane Ike made landfall near Terrebonne Parish, Louisiana. The hurricane made a second landfall a short time later near the Louisiana-Texas border. As expected, Hurricane Ike produced a significant storm surge that impacted Houma, Louisiana, and caused the damage to Plaintiff's property.

5.

Plaintiff's damage was caused by the rising water related to the storm surge which damaged Plaintiff's premises, fixtures, furnishings, and equipment.

---

[1] *See* Exhibit A, *in globo*.
[2] *See* Exhibit B, *in globo*.

6.

Plaintiff timely notified Defendant of its loss and filed a claim.

7.

Defendant assigned various claim numbers as set forth in the accompanying list which is included by reference herein as if plead *in extensio*.[3] Defendant assigned adjusters to evaluate Plaintiff's losses. These adjusters acted as Defendant's agents.

8.

Defendant, through its adjusters, assigned values to Plaintiff's losses and made a purported tender in accordance with the estimated losses. Defendant's loss estimates, however, do not adequately or fairly compensate Plaintiff pursuant to the terms and conditions of the insurance policies at issue.

9.

Plaintiff communicated to Defendant that the loss estimates were woefully inadequate. Defendant failed and/or refused to re-evaluate its loss estimates.

## CAUSES OF ACTION AGAINST DEFENDANT

A.  **Breach of Contract Pursuant to LSA-C.C. art. 1756, *et seq.***

10.

Plaintiff repeats and re-alleges all preceding allegations of facts.

---

[3] *See* Exhibit B, *in globo*.

11.

Plaintiff maintains that Defendant breached the terms and conditions of the contracts of insurance identified herein by not adequately evaluating the damage suffered as a result of a covered peril. Defendant's actions, inactions, omissions and/or commissions constitute a breach of the obligations Defendant owed and continues to owe to Plaintiff.

**B.     LSA-R.S. 22:1973.**

12.

Plaintiff repeats and re-alleges all preceding allegations of facts.

13.

Plaintiff maintains that Defendant's aforementioned conduct breached at least the following duties owed to Plaintiff:

a)    The duty of "good faith and fair dealing;"

b)    The "affirmative duty to adjust claims fairly and promptly;" and

c)    The "affirmative duty" to "make a reasonable effort to settle claims with the insured or the claimant, or both."

14.

Plaintiff further maintains that Defendant knowingly committed or performed at least the following acts, thereby constituting a breach of the Defendant's duties owed to Plaintiff:

a)    Negligently or intentionally misrepresenting pertinent facts and/or insurance policy provisions;

b)    Negligently or intentionally failing to pay a settlement within thirty days after an

agreement is reduced to writing;

c) Negligently or intentionally failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.

15.

As a result of Defendant's aforementioned conduct, the Defendant is liable for any damages sustained as a result of its breach, including, but not limited to, specific and general damages (i.e., for mental anguish and/or inconvenience), attorney's fees, and penalties.

C. **LSA-R.S. 22:1892**

16.

Plaintiff repeats and re-alleges all allegations of facts.

17.

Plaintiff maintains that Defendant's aforementioned conduct violates LSA-R.S. 22:1892.

18.

Defendant's actions, inactions, omissions and/or commissions violate, and thus subject Defendant to statutory penalties, LSA-R.S. 22:1892, which in pertinent part provides:

> A.(1) All insurers issuing any type of contract, other than those specified in R.S. 22:1811, 1821, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest. The insurer shall notify the insurance producer of record of all such payments for property damage claims made in accordance with this Paragraph.

(2) Except in the case of catastrophic loss, the insurer shall initiate loss adjustment of a property damage claim and of a claim for reasonable medical expenses within fourteen days after notification of loss by the claimant. In the case of catastrophic loss, the insurer shall initiate loss adjustment of a property damage claim within thirty days after notification of loss by the claimant. Failure to comply with the provisions of this Paragraph shall subject the insurer to the penalties provided in R.S. 22:1973.

(3) All insurers shall make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim.

B.(1) Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefore or failure to make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim, as provided in Paragraphs (A)(1) and (4), respectively, or failure to make such payment within thirty days after written agreement or settlement as provided in Paragraph (A)(2), when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, or to any of said employees, or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.

**D.    LSA-C.C. art. 1997.**

19.

Plaintiff repeats and re-alleges all allegations of facts.

20.

Plaintiff maintains that Defendant's aforementioned conduct violates LSA-C.C. art. 1997.

21.

As a result of its bad faith, Defendant is liable to Plaintiff for all damages, foreseeable or not, that are a direct consequence of its failure to perform.

22.

Defendant either negligently or intentionally refused to honor Plaintiff's claims and/or undervalued Plaintiff's claims in violation of its duty to perform in accordance with the terms of the flood insurance policy.

23.

As a result of Defendant's aforementioned conduct, the Defendant is liable for any damages sustained as a result of the breach, including, but not limited to, specific and general damages (i.e., for mental anguish and/or inconvenience), attorney's fees, and penalties.

**E.    Miscellaneous Breaches of Aforementioned Duties.**

24.

Plaintiff repeats and re-alleges all allegations of facts.

25.

Plaintiff maintains that Defendant further breached the aforementioned duties for at least the following non-exclusive acts:

    a)    Negligently or intentionally failing to properly train its adjusters and agents;

    b)    Negligently or intentionally failing to provide its adjusters and agents with proper materials with which to properly evaluate claims;

    c)    Negligently or intentionally failing to take into account the economic climate after

    Hurricane Ike;

d)  Negligently or intentionally failing to account for the increase in labor, materials, costs, and time in valuing Plaintiffs claims;

e)  Negligently or intentionally failing to provide a proper means to facilitate contact between Plaintiff and Defendant;

f)  Negligently or intentionally instructing its adjusters and agents to undervalue Plaintiff's damages;

g)  Negligently or intentionally instructing its adjusters and agents to delay the processing of Plaintiff's claim;

h)  Negligently or intentionally instructing its adjusters and agents to engage in multiple, time consuming evaluations of Plaintiff's claim; and

i)  In any and all misconduct as becomes known after discovery is completed.

## PRAYER FOR RELIEF

Plaintiff prays that, after due proceedings are conducted and after a verdict in its favor, that this Court enter judgment in its favor against Defendant for all damages applicable under the totality of the circumstances, including, but not limited to, all general, specific, equitable, and punitive relief which include, but are not limited to, costs of court, attorney's fees, penalties, and interest.

Respectfully submitted,

**CARL N. FINLEY,**
**ATTORNEY-AT-LAW, L.C.**

_____
**CARL N. FINLEY (LSBA 23074)**
100 Lilac Street
Metairie, Louisiana 70005
Telephone: 504.754.2433
Facsimile: 504.836.5079
carlfinley@cox.net

**PLEASE SERVE:**
**NEW HAMPSHIRE INSURANCE COMPANY**
Through Its Registered Agent
**LOUISIANA SECRETARY OF STATE**
Twelve United Plaza - 8585 Archives Ave.
Baton Rouge, LA 70809

9